# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES SCRUGGS ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | |
| v. ) | 5:98-cr-0361-SLB-PWG |
| ) | 5:01-cv-8045-SLB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant James Scruggs, pro se, has filed a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, in which he asks the court to reopen his case brought pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his federal conviction and sentence. (Civ. Doc.[1] 2). The undersigned recommends the motion be denied.

**I.   BACKGROUND**

Scruggs was convicted in this court of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and sentenced to a term of imprisonment of 360 months. (Crim. Doc. 87). His conviction was affirmed on direct appeal on October 20, 2000. (Crim. Doc. 98). Scruggs filed his § 2255 motion to set aside his conviction (Crim. Doc. 99), arguing that his trial counsel was constitutionally ineffective for failing to present evidence in support of a motion to suppress and that his conviction violated *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), because the indictments did not charge the specific quantity of cocaine distributed. A report and recommendation ("R&R") was entered

---

[1] Citations to "Civ. Doc. ___" are to the document numbers assigned by the clerk of the court in Scruggs' § 2255 civil case, 5:98-cv-8045-SLB. Citations to "Crim. Doc. ___" are to the document numbers assigned by the clerk in Scruggs' criminal case, 5:98-cr-361-SLB-PWG.

concluding that the § 2255 motion was due to be denied on the merits. (Crim. Doc. 112). On February 23, 2004, the district judge adopted and approved the R&R over Scruggs's objection, thus denying the § 2255 motion. (Crim. Doc. 114).

Scruggs thereafter moved for a certificate of appealability ("COA") (Crim. Doc. 115), as well as a motion to proceed in forma pauperis ("IFP") on appeal. (Crim. Doc. 117). On June 7, 2004, the district judge entered an order denying those motions. (Crim. Doc. 118). In that order, the court concluded that Scruggs' was not entitled to proceed IFP on appeal under 28 U.S.C. § 1915(a)(3) because the appeal was not taken in good faith, as the claims raised presented no issues fairly debatable among reasonable jurists. (Id. at 1). The court denied a COA under 28 U.S.C. § 2253 upon determining that the movant's claims were either raised and addressed on direct appeal or were without merit and that he therefore had not made a substantial showing of the denial of a constitutional right. (Id. at 2). On November 3, 2004, the Eleventh Circuit Court of Appeals issued an order that likewise denied Scruggs a COA and denied as moot his application to proceed IFP on appeal. (Crim. Doc. 121).

II.   DISCUSSION

On June 8, 2010, Scruggs filed his instant motion pursuant to Rule 60(b)(6), Fed. R. Civ. P., to set aside this court's order entered on June 7, 2004 that denied his respective motions for a COA and to proceed IFP on appeal. (Civ. Doc. 2). In that motion Scruggs argues that this court employed the wrong legal standards in resolving those motions and that the record does not support the court's finding that his § 2255 claims were either raised and addressed on direct appeal or were without merit. (Id. at 3-6). He asks the court to revisit those determinations, apparently for the purpose of allowing him an opportunity to have the merits of his § 2255 claims reviewed on appeal.

As a threshold matter, the court has jurisdiction to entertain Scruggs's Rule 60(b) motion. Section § 2255(h) deprives this court of authority to hear a second or successive § 2255 motion from Scruggs unless he has first received permission from the Eleventh Circuit pursuant to the procedure prescribed by 28 U.S.C. § 2244.  *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). A prisoner cannot avoid that restriction merely by styling what is in substance a § 2255 motion as a post-judgment motion filed pursuant to Rule 60(b), Fed. R. Civ. P.  *Id.*  However, a prisoner may employ Rule 60(b) motion without running afoul of § 2255(h) provided that the motion attacks some defect in the integrity of the § 2255 proceedings, rather than attacking the substance of the district court's previous resolution on the merits of a claim for § 2255 relief or seeking to add a new ground for such relief.  *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *United States v. Winston*, 346 Fed. Appx. 520, 522 (11th Cir. Sept. 28, 2009) (unpublished).  Scruggs' Rule 60(b) motion fits that bill, because it challenges only this court's determinations underlying its denial of a COA and refusing to grant IFP status on appeal, which amounted to procedural hurdles hindering Scruggs's ability to have his § 2255 claims heard on the merits by Eleventh Circuit.  Accordingly, Scruggs's Rule 60(b) motion is not a successive § 2255 motion for purposes of § 2255(h).

Nonetheless, Scruggs's Rule 60(b) motion is due to be denied.  First, it is untimely.  Scruggs has invoked Rule 60(b)(6), Fed. R. Civ. P., which authorizes a court to relieve a party from a final judgment or order for any reason other than those set forth in Rules 60(b)(1) through (5).  Such a motion "must be made within a reasonable time."  Rule 60(c)(1), Fed. R. Civ. P.; *Solomon v. United States*, 300 Fed. Appx. 857, 858 (11th Cir. Nov. 26, 2008) (unpublished).  Scruggs's instant motion was filed six years after this court issued the challenged order denying a COA and IFP status on appeal.  He offers no reason for not filing sooner other than to say that he is pro se.  (Civ. Doc. 2 at

3

2).  That is simply not an adequate excuse.  *See Ramsey v. Walker*, 304 Fed. Appx. 827, 829 (11th Cir. Dec. 23, 2008) (unpublished) (Rule 60(b)(6) motion to reopen § 2254 habeas case brought by state prisoner was not made within a reasonable time where filed six years after the judgment and two years after cases were decided that allegedly changed the law in the petitioner's favor); *Solomon*, 300 Fed. Appx. at 858-59 (Rule 60(b)(6) motion held untimely where filed nine years after judgment denying § 2255 relief and no explanation was given for the delay).

Even assuming Scruggs's Rule 60(b)(6) motion were timely filed, however, it would still be due to be denied.  Rule 60(b)(6) requires a movant to show "extraordinary circumstances" to be entitled to relief.  *Gonzalez*, 545 U.S. at 535.  "Such circumstances will rarely occur in the habeas context."  *Id.*  Scruggs has failed to establish them here.  First, the court employed correct legal standards in denying Scruggs's respective applications for a COA, *see* 28 U.S.C. § 2253(c)(2), and to proceed IFP on appeal, *see* Rule 24(a)(3), Fed. R. App. P., and the record amply supported the court's determinations using those standards.  Second, even assuming for the sake of argument that this court erred in its resolution of the COA and IFP issues, Scruggs was entitled to seek review of both issues by the Eleventh Circuit.  *See* Rules 22(b)(1); 24(a)(4) & (5), Fed. R. App. P.; 28 U.S.C. § 2253©.  A "'Rule 60(b) motion cannot substitute for an appeal.'"  *Dixon v. Kilgore*, 343 Fed. Appx. 530, 532 (11th Cir. Sept. 1, 2009) (unpublished) (quoting *Scutieri v. Paige*, 808 F.2d 785, 795 (11th Cir. 1987)).  Third, the Eleventh Circuit itself did, in fact, issue an order denying Scruggs's application for a COA and denying his IFP application as moot.  As such, the court concludes that, under the law of the case doctrine or otherwise, a Rule 60(b) motion in this court is not a vehicle by which Scruggs might secure appellate review of the merits of his § 2255 claims.

4

### III.    CONCLUSION AND NOTICE OF RIGHT TO OBJECT

Based on the foregoing, Scruggs's Rule 60(b)(6) motion is due to be **DENIED**. Any party may file specific written objections to this report within fifteen (15) days of the date it is filed in the office of the Clerk. Any objections filed must specifically identify the findings in the magistrate judge's recommendation to which the objections pertain. Frivolous, conclusive, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). **It is not necessary for the petitioner to repeat his legal arguments. As to the facts, if the petitioner does respond, he should limit himself to addressing the statements of fact contained in the report and recommendation to which she objects. The right to file objections is not an opportunity to make new allegations or to submit additional evidence.** A copy of the objections must be served upon all other parties to the action.

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to Mr. Scruggs.

As to the foregoing it is SO ORDERED this the 23rd day of June, 2010.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE

5